**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50569 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01605-LAB |
| v. | |
| VIOLETA CERVERA-LORNA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 6, 2010[**]

Before:    GOODWIN, RYMER, and GRABER, Circuit Judges.

Violeta Cervera-Lorna appeals from the 78-month sentence imposed

following her guilty-plea conviction for importation of methamphetamine, in

violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Cervera-Lorna contends that the district court erred by denying her request for a two-level minor role adjustment pursuant to U.S.S.G. § 3B1.2. The district court did not clearly err by denying Cervera-Lorna's request for a downward adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1283-84 (9th Cir. 2006); *see also United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000) (the fact that a defendant acted as a courier does not mean his role was minor).

Cervera-Lorna also contends that the district court's denial of a minor role adjustment created a drastic sentencing disparity between her and similarly situated defendants. This argument is unpersuasive. In any event, the record reflects that the district court specifically granted a downward variance in order to avoid sentencing disparities with similarly situated defendants, in accordance with 18 U.S.C. § 3553(a)(6).

The government's request to strike opposing counsel's declaration is denied as moot.

**AFFIRMED.**